# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVID DOUGLAS HEATH,
      Petitioner,

        vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:15-cv-541

Black, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 4), which petitioner opposes. (*See* Doc. 6).[1] Respondent has filed a reply and amended reply in response to petitioner' opposition memorandum. (Docs. 7, 8). Petitioner has filed a motion to strike the respondent's amended reply (Doc. 9), which is hereby **DENIED**.

## I. PROCEDURAL HISTORY

### A. State Proceedings

#### 1. Trial Proceedings

On June 6, 2012, the Clermont County, Ohio, grand jury returned an indictment charging petitioner with three counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (Counts 1-3); two counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5) (Counts 4-5); and

---

[1] Respondent has also separately filed 30 exhibits obtained from the underlying state-court record as support for the motion to dismiss. (*See* Doc. 3).

two counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4) (Counts 6-7).  (Doc. 3, Ex. 1).  According to the Bill of Particulars filed by the State, the rape and sexual battery charges contained in Counts 1, 2, 4 and 5 stemmed from incidents that occurred in 2007 when the petitioner allegedly "engaged in cunnilingus" and "vaginal intercourse" with his 13-year-old step-daughter; the rape charge contained in Count 3 stemmed from another incident that occurred in 2007 when the petitioner allegedly "engaged in cunnilingus" with his 8-year-old step-daughter; and the gross-sexual-imposition charges contained in Counts 6 and 7 involved the allegation that petitioner "had his eight year old step-daughter . . . touch his penis on two separate occasions" in 2007.  (*See id.*, Ex. 2).

On September 25, 2012, petitioner entered a guilty plea to the rape charge set forth in Count 1 of the indictment and the gross-sexual-imposition charge set forth in Count 6 of the indictment in exchange for the dismissal of all other charges.  (*Id.*, Ex. 4).  In the written plea entry filed with the trial court, petitioner was informed that he faced the penalties of a three (3) to eleven (11) year term of imprisonment for the rape offense charged in Count 1, a one (1) to five (5) year term of imprisonment for the gross-sexual-imposition offense charged in Count 6, and classification as a "Tier III" sex offender.  (*See id.*).

On October 29, 2012, following a sentencing hearing, the trial court issued a judgment entry sentencing petitioner to consecutive terms of imprisonment of nine (9) years for the rape offense and three (3) years for the gross-sexual-imposition offense for an aggregate prison term of twelve (12) years.  (*Id.*, Ex. 6).  Petitioner was also classified as a "Tier III Sex Offender."  (*Id.*, at PAGEID#: 34).

Respondent states that petitioner "did not directly appeal his conviction or sentence."

2

(Doc. 4, p. 3, at PAGEID#: 180).

    2.  **Post-Conviction Petition Challenging Sex Offender Classification**

On September 16, 2013, approximately eleven months after final judgment was entered by the trial court, petitioner filed a pleading entitled "Petition to Invalidate the Classification, Registration, and Notification Requirements of Ohio Revised Code, Chapter 2950" with the trial court. (Doc. 3, Ex. 8). In its response to that pleading, the State conceded that petitioner had been improperly classified as a Tier III sex offender under the "Adam Walsh Act (S.B. 10)," which went into effect January 1, 2008, *after* the commission of the crimes charged against petitioner. (*See id.*, Ex. 9). It was the State's position, however, that petitioner "should have been classified under the law that was in effect at the time he committed the offenses, which was Megan's Law (S.B. 5). *State v. Williams*, 129 Ohio St.3d 344, 350, 2011-Ohio-3374." (*Id.*).

The trial court scheduled a hearing for January 2014 to determine the petitioner's "grounds for invalidating his current sex offender classification." (*Id.*, Ex. 10). Prior to the hearing, petitioner filed a pleading entitled "Sentencing Memorandum," in which he argued that he was seeking not only the invalidation of Ohio's sex-offender classification statute but also a ruling vacating his conviction and sentence. (*See id.*, Ex. 11). It appears from the record that the January 2014 hearing was cancelled pending the outcome of a delayed appeal on another post-conviction matter that petitioner had initiated. (*See id.*, Ex. 12, at PAGEID#: 54-55). Following the dismissal of the delayed appeal on April 2, 2014, petitioner filed a pleading on July 7, 2014 entitled "Motion For Resentencing And Motion To Return Megan's Law Hearing To Court's Active Docket." (*See id.,* at PAGEID#: 53, 55). On October 17, 2014, following a "hearing to redetermine the sex offender classification status of the Defendant in light of the Ohio Supreme

3

Court Decision, *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108," the trial court issued a final entry reclassifying petitioner as a "sexual predator."  (*Id.*, Ex. 14).

Petitioner did not pursue a timely appeal from the trial court's decision.  Over three months later, on January 29, 2015, petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Court of Appeals, Twelfth Appellate District.  (*Id.*, Exs. 15-16).  In his motion, petitioner suggested as "cause" for his delay in filing that after he informed his counsel at the reclassification hearing that he wanted to appeal the court's decision, the attorney failed to ensure that a timely notice of appeal was filed on his behalf.  (*See id.*, Ex. 16).[2]  Petitioner also contended that he was unable to obtain a copy of the trial court's decision until December 15, 2014.  (*See id.*, at PAGEID#: 71 & Ex. 17, at PAGEID#: 81).

On March 13, 2015, the Ohio Court of Appeals denied petitioner's motion for delayed appeal without opinion.  (*Id.*, Ex. 19).

Petitioner did not perfect a timely appeal to the Ohio Supreme Court from that decision.  It appears from the record that petitioner attempted to file pleadings with the Ohio Supreme Court, which were stamped as "received" by the court clerk on May 8, 2015.  (*See* Doc. 6, p. 2, at PAGEID#: 201 & Ex. 1).   The pleadings were returned to petitioner by letter dated May 12, 2015.  (*See* Doc. 8, Ex. 1).  The letter provided in pertinent part:

> The enclosed notice of appeal and memorandum in support of jurisdiction from the
> March 13, 2015 decision in the . . . court of appeals case were not filed because
> they are untimely.  Pursuant to Rule 7.01(A)(1)(a)(i) of the Rules of Practice of the

---

[2] It is noted that petitioner concedes that he was informed on October 30, 2014 that the Clermont County Public Defender's Office, where petitioner's counsel was employed, would not file an appeal on his behalf.  (*See* Doc. 3, Ex. 16, at PAGEID#: 70-71; Ex. 17, ¶12, at PAGEID#: 80).  It is petitioner's position, however, that even though his request for representation was declined, his counsel still had a duty to ensure a timely notice of appeal was filed.

Supreme Court of Ohio, an appeal must be filed within forty-five days after the date the court of appeals filed its judgment with its clerk.  To timely appeal a March 15, 2015 court of appeals decision, your notice of appeal, memorandum in support of jurisdiction, and affidavit of indigence were due in the clerk's office no later than April 27, 2015.

The enclosed materials were received on May 8, [2]015.  Pursuant to Rule 7.01(A)(1)(b), the clerk's office must refuse to file a notice of appeal and memorandum in support of jurisdiction received after the forty-five day time period has passed.  Accordingly, your documents were not filed and are being returned.

(*Id.*).

### 3.  **Post-Conviction Motion Re: "Plain Errors and Defects"**

On September 30, 2013, two weeks after petitioner filed his motion with the trial court challenging the sex-offender registration and classification statute, petitioner filed another *pro se* pleading with the trial court entitled "Motion To Present Plain Errors And Defects Pursuant To Criminal Rule 52(B)."  (Doc. 3, Ex. 20).  In the motion, petitioner asserted four claims for post-conviction relief.  (*See id.*).  Specifically, petitioner contended that:  (1) his guilty plea was not knowingly and intelligently entered because the "sentencing range [that he] was informed of, both in the written plea agreement and in the plea colloquy provided by the court, was not statutorily correct"; (2) his sentence was void because his classification as a Tier III sex offender "in both the written plea agreement and in the plea colloquy provided by the court, was not proper by law"; (3) the "vagueness" of the indictment and Bill of Particulars as to the dates and times of the charged offenses amounted to "Plain Error and Defect" by prejudicing petitioner in his ability to present an alibi defense; and (4) his trial counsel was ineffective for inducing petitioner to enter a guilty plea to a "fatally flawed indictment," coercing petitioner to enter the plea by stating "that the state intended to file charges against his wife and stepdaughter, if he did not plead guilty," and

5

incorrectly advising petitioner that he would be classified as a Tier III sex offender based on his

guilty plea to the rape charge set forth in Count 1. (*Id.*, at PAGEID#: 95-100).

On October 22, 2013, the trial court overruled petitioner's motion, reasoning in pertinent

part as follows:

> The record reflects that the Defendant entered a plea of guilty to one count of rape, in violation of R.C.2907.02(A)(2), a first degree felony and one count of gross sexual imposition, in violation of R.C.2907.05(A)(4), a felony of the third degree, on September 25, 2012. He was duly sentenced on October 29, 2012, to a twelve year prison sentence. The final judgment entry fully comports with Crim.R.32(C), as it sets forth the Defendant's convictions by his pleas of guilty; the sentence imposed; the signature of the judge and the date of journalization upon the Clerk's records. . . .
>
> Defendant did not file a direct appeal of his convictions in this case as required under App.R.4(A). Further, the Defendant did not file a motion for a new trial under Crim.R.33.
>
> The Defendant contends his current motion to be proper under Crim.R.52. There is no merit to this contention.
>
> Crim.R.52 is designed to place limitations upon a *reviewing* court to correct claimed errors in the absence of a timely objection before the trial court. . . .
>
> The Defendant's current motion is, in reality, a motion for this Court to reconsider and vacate his conviction, based upon various claimed errors. It is well settled that a trial court lacks the authority to reconsider its own final judgment in a criminal case. . . . As this Court is precluded from reviewing any Crim.R.52 errors, this rule is inapplicable to the Defendant's current motion.
>
> The Defendant also claims that his current motion is not "an action for post-conviction relief under R.C.2953.21." This Court disagrees.
>
> R.C.2953.21(A)(1)(a) permits any person convicted of a criminal offense who claims that there was "a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, . . ." to file a petition in the court that imposed the sentence asking it to vacate, set aside or grant other appropriate relief. That is what the Defendant has done here. He asserts that as a result of the four "Plain Errors," set forth in his motion, his state and federal constitutional rights were violated such

6

that his conviction is void and must be set aside.

It is clear why the Defendant does not want this Court to treat his current motion as a post-conviction petition.  It was not timely filed.

R.C.2953.21(A)(1)(c)(2) requires that such a petition be filed no later than 180 days after the expiration of the time for filing the appeal when no direct appeal was taken.  The final judgment in this case was journalized on October 29, 2012.  Time for any direct appeal expired on November 28, 2012.  The time to file a post-conviction petition under R.C.2953.21 expired on May 27, 2013.  Dismissal of a post-conviction relief petition, without hearing, is appropriate as the time limitation for filing such petition is jurisdictional. . . .  Additionally, a court need not issue findings of fact and conclusions of law when it dismisses an untimely filed post-conviction petition. . . .

(*Id.*, Ex. 21, at PAGEID#: 120-22) (emphasis in original) (Ohio case citations omitted).

Petitioner did not pursue a timely appeal from the trial court's ruling.  On January 23, 2014, he filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Court of Appeals, Twelfth Appellate District.  (*Id.*, Ex. 22).  In his delayed appeal motion, petitioner alleged as "cause" for his delay in filing that he did not receive a copy of the trial court's decision until "on or after November 27, 2013," which "was more than 30 days after the Entry was entered by the Court of Common Pleas."  (*Id.*, at PAGEID#: 132).

On April 2, 2014, the Ohio Court of Appeals denied petitioner's motion for delayed appeal.  (*Id.*, Ex. 23).  In so ruling, the court reasoned in pertinent part:

The trial court in its October 22, 2013 entry construed appellant's motion as an application for reconsideration.  The court noted that if the pleading is construed as a petition for post-conviction relief it is not timely filed, and that if construed as an application for reconsideration it is a nullity. . . .

If the motion is construed as requesting reconsideration, an appeal from the motion is a nullity. . . .  If the motion is construed as a motion for post-conviction relief, this is an attempted appeal from a civil action and appellant is not entitled to leave to appeal pursuant to App.R. 5.

7

(*Id.*).

Petitioner pursued a timely appeal from that decision to the Ohio Supreme Court.  (*Id.*, Ex. 24).  He asserted as the sole proposition of law a claim challenging the lower courts' failure to consider or provide relief under Ohio R. Crim. P. 52 for his claims of "Plain Errors and Defects." (*See id.*, Ex. 25, at PAGEID#: 151).  On September 3, 2014, the Ohio Supreme Court issued an Entry declining to accept jurisdiction of the appeal.  (*Id.*, Ex. 26).

### B. Federal Habeas Corpus Petition

The instant federal habeas action commenced on August 19, 2015.  (*See* Doc. 1).  However, for statute of limitations purposes, it is assumed that petitioner's habeas petition was filed on August 12, 2015, because petitioner has averred that he placed the pleading "in the prison system" for delivery to the Court on that date.  (*See id.*, at PAGEID#: 16).[3]  In the petition, petitioner asserts the following grounds for relief, which are quoted verbatim from his *pro se* pleading:

**Ground One:**  INEFFECTIVE ASSISTANCE OF COUNSEL

**Supporting Facts:**  Counsel coerced Petitioner to accept a plea and be less than truthful at the Criminal 11 plea hearing.  Counsel advised Petitioner to accept a plea based on the wrong statutory language concerning sex offenders.  Moreover, counsel did not understand the truth in sentencing provisions under House Bill 86 nor advised him in his right to appeal.

**Ground Two:**  CONTRARY TO LAW (statutory defects)

**Supporting Facts:**  Ignoring the statutory language of the legislature, the court failed to place on the record the findings necessary to impose more than minimum

---

[3] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988); *see also Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders*, 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

8

concurrent terms of imprisonment.  Notwithstanding the violation of the cruel and unusual punishment for a "first-time" offender, the court failed to address or resolve the mandatory protections afforded by double jeopardy.

The sentence and plea were likewise tainted by acceptance of retroactive law in violation of clearly established law.

(*Id.*, at PAGEID#: 6, 8).

Respondent has filed a motion to dismiss the petition.  (Doc. 4).  Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d).  (*Id.*).  Petitioner has filed a brief opposing the motion to dismiss (Doc. 6), and respondent has filed a reply and amended reply in response to petitioner's opposition memorandum.[4]  (*See* Docs. 7, 8).

## II.  RESPONDENT'S MOTION TO DISMISS (DOC. 4) SHOULD BE GRANTED BECAUSE GROUND TWO AND MOST OF THE CLAIMS IN GROUND ONE ARE TIME-BARRED AND THE REMAINING CLAIM IN GROUND ONE WAS PROCEDURALLY DEFAULTED IN THE STATE COURTS

### A.  Statute-Of-Limitations Bar To Review

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State

---

[4] It is noted that although the petitioner filed a motion to strike the respondent's amended reply (*see* Doc. 9), that motion has herein been denied.  *See supra* p. 1.

> action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's two grounds for habeas corpus relief.  As an initial matter, it is clear from the record that § 2244(d)(1)(B) and § 2244(d)(1) (C) are inapplicable because petitioner neither has alleged that he was prevented from filing a timely habeas petition by any state-created impediment to filing, nor has asserted a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.

It further appears from the record that the claim alleged in Ground Two of the petition is governed, as respondent has argued (*see* Doc. 4, p. 8, at PAGEID#: 185), by the one-year statute of limitations set forth in § 2244(d)(1)(A) because the factual basis for that claim arose when petitioner was sentenced and, therefore, was discoverable in the exercise of due diligence before the conclusion of direct review or expiration of time for seeking such review.  It similarly appears that most of the allegations of ineffective assistance set forth in Ground One of the petition are governed by§ 2244(d)(1)(A) to the extent such claims are based on errors committed during the trial proceedings, which were discoverable in the exercise of due diligence before the conclusion of direct review or expiration of time for seeking such review.  However, to the extent that

10

petitioner has alleged in Ground One that his trial counsel improperly advised him "to accept a plea based on the wrong statutory language concerning sex offenders," an argument can be made that the later limitations provision set forth in § 2244(d)(1)(d) applies because the factual basis for the claim, stemming from the possibility that petitioner could be subjected to more onerous post-release requirements as a "sexual predator," may not have been discoverable in the exercise of due diligence until the State conceded in response to petitioner's motion for reclassification filed in September 2013 that petitioner had been improperly classified as a Tier III sex offender under the Adam Walsh Act and should have been classified under requirements set forth in the prior Megan's Law. If the § 2244(d)(1)(d) limitations provision applies to that particular claim, it arguably would not be time-barred after taking into account tolling principles. Therefore, the undersigned will assume, without deciding, that such claim is not subject to dismissal on statute-of-limitations grounds.[5]

With respect to the claims alleged in Grounds One and Two that are governed by § 2244(d)(1)(A), it is clear from the record that, as respondent has contended, petitioner's conviction became final on November 28, 2012, when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's October 29, 2012 final judgment entry. (*See* Doc. 3, Ex. 6; Doc. 4, pp. 8-9, at PAGEID#: 185-86); *see also* Ohio R. App. P. 4(A). The statute of limitations commenced running on November 29, 2012, one day after petitioner's conviction became final. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

---

[5] Nevertheless, as discussed below, the remaining ineffective-assistance-of-counsel claim is barred from review on the alternative ground that petitioner has waived such claim, which he procedurally defaulted in the state courts.

During the one-year limitations period that commenced on November 29, 2012, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, the § 2244(d)(1)(A) statute of limitations ran for 291 days before it was arguably statutorily tolled by the filing on September 16, 2013 of petitioner's *pro se* "Petition to Invalidate the Classification, Registration, and Notification Requirements of Ohio Revised Code, Chapter 2950" with the trial court. (*See* Doc. 3, Ex. 8). The undersigned assumes, without deciding, in petitioner's favor that the pleading was a "properly filed" state collateral review petition within the meaning of § 2244(d)(2), which served to toll the limitations period from September 16, 2013 (the date the petition was filed with the trial court) through November 17, 2014 (when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's October 17, 2014 final entry in that matter).[6] (*See* Doc. 3, Exs. 8, 14). *Cf. Harper v. Warden, Belmont Corr. Inst.*, No. 2:14cv1220, 2015 WL 3867262, at *8 & n.3 (S.D.

---

[6] The deadline date for filing a timely appeal was actually November 16, 2014. However, because that day fell on a Sunday, the undersigned has assumed in petitioner's favor that the 30-day appeal period was extended to include the next business day of Monday, November 17, 2014.

12

Ohio June 23, 2015) (Report & Recommendation) (and numerous cases cited therein) (taking into account for statutory tolling purposes the 45-day period in which the petitioner could have sought leave to appeal a state post-conviction ruling to the Ohio Supreme Court), *adopted*, 2015 WL 4538566 (S.D. Ohio July 27, 2015), *appeal filed*, No. 15-3958 (6th Cir. Sept. 2, 2015).[7]

The statute-of-limitations clock, which recommenced on November 18, 2014, ran for an additional 72 days for a total of 363 days before it was arguably tolled again by the filing on January 29, 2015 of petitioner's *pro se* motion for delayed appeal to the Ohio Court of Appeals. (*See* Doc. 3, Exs. 15-16). That matter concluded at the latest on April 27, 2015, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' March 13, 2015 entry denying petitioner's delayed appeal motion. (*See id.*, Ex. 19). *Cf. Harper, supra*, 2015 WL 3867262, at *8 & n.3 (and numerous cases cited therein). The statute commenced running again on April 28, 2015 and expired two days later on or about April 30, 2015. Therefore, absent application of equitable tolling principles, it appears that the claims alleged in Grounds One and Two that are governed by 28 U.S.C. § 2244(d)(1)(A) are barred from

---

[7] It is noted that the Court need not consider whether petitioner's separate post-conviction motion filed on September 30, 2013 also serves to toll the statute of limitations. That pleading was filed *after* petitioner filed his reclassification motion with the trial court, and the matter concluded while the reclassification motion was still pending before the trial court—*i.e.*, on September 3, 2014 when the Ohio Supreme Court declined jurisdiction of petitioner's appeal. (*See* Doc. 3, Exs. 20-26). The undersigned has already assumed that the statute of limitations was tolled during the pendency of the reclassification matter, which covers the entire time the separate post-conviction motion was pending before the state courts for tolling purposes. *Cf. Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007) (wherein the Supreme Court made it clear that in contrast to the provision set forth in 28 U.S.C. § 2244(d)(1)(A) for determining the finality of a state conviction, tolling under § 2244(d)(2) does *not* include the time for seeking review in the United States Supreme Court through a petition for certiorari). Therefore, the state post-conviction proceedings initiated on September 30, 2013 do not affect the tolling calculation.

review because the statute of limitations ran its course before the instant action commenced over three months later on August 12, 2015.[8]

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson,* 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland,* 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall,* 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit."

---

[8] Even assuming, solely for the sake of argument, that the statute of limitations was tolled during the 72-day period between the trial court's reclassification entry and the filing of petitioner's delayed appeal motion with the Ohio Court of Appeals, the claims governed by § 2244(d)(1)(A) would still be time-barred. Even under that scenario, the statute of limitations would have run its course by July 13, 2015. Although petitioner attempted to pursue a delayed appeal to the Ohio Supreme Court, no such appeal was filed and petitioner's pleadings stamped as "received" by the clerk on May 8, 2015 were returned to him by letter dated May 12, 2015. (*See* Doc. 6, p. 2, at PAGEID#: 201 & Ex. 1; Doc. 8, Ex. 1). Because no appeal was ever pending with the Ohio Supreme Court, 28 U.S.C. § 2244(d)(2) does not apply to permit a further tolling of the limitations period. In any event, assuming that petitioner's attempted appeal could be considered for tolling purposes under § 2244(d)(2), the tolling of the statute for five additional days, from May 8-12, 2015, does not extend the limitations period by enough days to overcome the statute-of-limitations bar to review.

*Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations in the absence of any showing of an "extraordinary circumstance" that prevented him from filing a timely federal habeas petition before the expiration of the one-year limitations period, particularly given that the undersigned has assumed in petitioner's favor that the period was generously extended under the tolling provision set forth in 28 U.S.C. § 2244(d)(2) while petitioner was pursuing relief in the state courts on his reclassification motion.

Finally, petitioner has not shown that the procedural bar to review should be excused based on a colorable showing of actual innocence.  To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).  In cases such as this involving a conviction upon entry of a guilty plea, "[t]he application of *Schlup* . . . creates a host of analytical difficulties, given that there is no jury (or factfinder) finding, the record is normally abbreviated, the state did not 'present' evidence in a fashion designed to establish guilt beyond a reasonable doubt, and the petitioner typically has confirmed his guilt through the solemnity of a plea colloquy."  *See Eads v. Bottom*, No. 6:13-CV-29-JMH-REW, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014) (and cases cited therein as recognizing those problems).  The Sixth Circuit has indicated that in such cases, the court may consider the "facts to which [the petitioner] admitted" when he entered his guilty plea and "any other evidence of his guilt that the Government has marshaled."  *See Connolly v. Howes*, 304 F. App'x 412, 418 (6th Cir. 2008) (internal citation and quotation marks omitted).  *Cf. Bousley v.*

15

*United States*, 523 U.S. 614, 623-24 (1998) (on remanding a case to permit the petitioner to make a showing of actual innocence for purposes of excusing a procedural bar to review of his guilty-plea conviction, the Supreme Court stated that "the Government is not limited to the existing record to rebut any showing that petitioner might make" and "should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy").  In addition, the petitioner must show not only that he is innocent of the guilty-plea charges, but that he is also "actually innocent of the other charges the government chose to forego during the plea bargaining process."  *Howard v. United States Dep't of Justice,* 3 F. App'x 269, 270 (6th Cir. 2001) (citing *Bousley*, 523 U.S. at 624).

In this case, petitioner has not presented any new evidence to support an actual innocence claim.  Moreover, there is no evidence in the record that would suggest a credible claim of actual innocence in the face of petitioner's admission of guilt to one count of rape and one count of gross sexual imposition in exchange for the dismissal of five additional sex-offense charges.

Accordingly, in sum, the undersigned concludes that Ground Two and most of the claims alleged in Ground One are barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).  Even after assuming in petitioner's favor that the statute of limitations was tolled during the pendency of state-court proceedings on petitioner's pleading entitled "Petition to Invalidate the Classification, Registration, and Notification Requirements of Ohio Revised Code, Chapter 2950," the instant petition was filed too late.  Equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review.  Therefore, respondent's motion to dismiss such claims as time-barred (Doc. 4) should be **GRANTED**.

### B.   Procedural-Default Bar To Review

As discussed above, *see supra* pp. 10-11, the undersigned has assumed, without deciding, that the habeas statute of limitations does not preclude review of petitioner's claim in Ground One that his trial counsel provided ineffective assistance by inducing petitioner to enter a guilty plea "based on the wrong statutory language concerning sex offenders."  (*See* Doc. 1, at PAGEID#: 6). However, it appears the remaining claim is barred from review on the alternative ground that it was procedurally defaulted in the state courts.

As a general rule, procedural default is an affirmative defense that must be asserted by the State or it will be deemed waived.  *See Wright v. Moore*, No. 2:13cv0881, 2014 WL 1922806, at *7 (S.D. Ohio May 14, 2014) (Abel, M.J.) (Report & Recommendation) (citing *Trest v. Cain*, 522 U.S. 87, 89 (1997); *Gray v. Netherland*, 518 U.S. 152, 166 (1996)), *adopted*, 2014 WL 2876431 (S.D. Ohio June 24, 2014) (Watson, J.).  However, even if the defense is not expressly asserted by the State, the federal habeas court is not precluded from *sua sponte* raising or recognizing a procedural default as long as the petitioner is afforded an opportunity to present arguments on the issue.  *Davis v. Warden, Chillicothe Corr. Inst.*, No. 1:13cv198, 2014 WL 116666, at *10 (S.D. Ohio Jan. 10, 2014) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2014 WL 1302615 (S.D. Ohio Mar. 31, 2014) (Barrett, J.); *see also Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (citing *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005)) ("[E]ven if the State does waive a procedural default defense, we may raise it *sua sponte*.").  In this case, because the petitioner "has the opportunity to be heard on the issue by way of objections to the instant Report and Recommendation, 'the district court does not abuse its discretion in *sua sponte* raising the issue of procedural default.'"  *See Davis, supra,* 2014 WL

116666, at *10 (quoting *Schuler v. Hudson*, No. 1:08cv456, 2009 WL 3563164, at *10 (S.D. Ohio

Oct. 30, 2009) (Barrett, J.; Hogan, M.J.)); *see also Wright*, *supra,* 2014 WL 1922806, at *7 (and

cases cited therein); *Thompson v. Anderson*, No. 1:08cv2913, 2010 WL 4025936, at *7 & n.4

(N.D. Ohio Mar. 19, 2010) (Report & Recommendation) (and cases cited therein), *adopted*, 2010

WL 4026121, at *8 (N.D. Ohio Oct. 13, 2010).

      In recognition of the equal obligation of the state courts to protect the constitutional rights

of criminal defendants, and in order to prevent needless friction between the state and federal

courts, a state defendant with federal constitutional claims must fairly present those claims to the

state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C.

§ 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v.

Connor,* 404 U.S. 270, 275-76 (1971).  In order to satisfy the fair presentation requirement, the

claims asserted in the federal habeas petition must be based on the same facts and same legal

theories that were presented to the state courts.  *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir.

2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d

313, 322 (6th Cir. 1998)).  Moreover, a claim is deemed fairly presented only if the petitioner

presented his constitutional claims for relief to the state's highest court for consideration.  *See

O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th

Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

      "A claim may become procedurally defaulted in two ways."  *Williams*, 460 F.3d at 806.

First, a procedural default occurs when the petitioner fails to raise a claim in state court or fails to

exhaust a claim through the State's appellate review procedures, and state court remedies are no

longer available to pursue.  *Id.* (citing *O'Sullivan,* 526 U.S. at 847-48).  Second, a claim that has

been exhausted in the state courts is deemed to be procedurally defaulted when the state court's

disposition of the claim rests on a state procedural ground that is both "independent" of the merits

of the federal claim and an "adequate" basis for the state court's decision. *See id.*; *see also Harris*

*v. Reed,* 489 U.S. 255, 260-62 (1989). The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court
> pursuant to an independent and adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can demonstrate cause for the
> default, and actual prejudice as a result of the alleged violation of federal law, or
> demonstrate that failure to consider the claims will result in a fundamental
> miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner

files an untimely appeal. *Id.*

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v.*

*Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under

the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable
> to the petitioner's claim and that the petitioner failed to comply with the rule. . . .
> Second, the court must decide whether the state courts actually enforced the state
> procedural sanction. . . . Third, the court must decide whether the state procedural
> forfeiture is an "adequate and independent" state ground on which the state can
> rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407,

417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666,

669 (6th Cir. 2012). The state ground is deemed "adequate" if it involves a "firmly established

and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S.

411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,*

201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam);

*Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner did raise the remaining ineffective-assistance-of-counsel claim in his state post-conviction pleading entitled "Motion To Present Plain Errors And Defects Pursuant To Criminal Rule 52(B)," which was filed on September 30, 2013 with the trial court. (*See* Doc. 3, Ex. 20). The trial court denied the motion on state procedural grounds. Specifically, the court ruled that (1) Ohio R. Crim. P. 52(B) was "designed to place limitations upon a *reviewing* court to correct claimed errors in the absence of a timely objection before the trial court" and was, therefore, inapplicable to petitioner's motion essentially asking the trial court "to reconsider and vacate" the final judgment entry of conviction and sentence, which the court lacked authority to do; and (2) to the extent the motion was more appropriately construed as a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21, the petition was untimely. (*See id.*, Ex.

20

21).  A strong argument can be made that the procedural grounds relied on by the trial court in denying petitioner's motion constitute an adequate and independent state basis for the court's decision, which precludes this Court from reviewing the merits of petitioner's ineffective-assistance-of-counsel claim.  However, the undersigned need not address that argument because petitioner committed another procedural default by failing to pursue a timely appeal from the trial court's decision to the Ohio Court of Appeals.

Petitioner did file a motion for delayed appeal to the Ohio Court of Appeals.  (*See id.*, Ex. 22).  However, the court, which was the last state court to issue a reasoned decision in the matter, denied the motion.  (*See id.*, Ex. 23).  First, the court concluded that, as a matter of state law, to the extent that the petitioner's motion could be construed as an application for reconsideration of the final judgment of conviction and sentence entered on October 29, 2012, the court lacked jurisdiction to entertain an appeal from the denial of the motion.  (*Id.*).  In so ruling, the court relied on its prior decision in *State v. Leach*, No. CA2004-02-011, 2005 WL 1131737, at *1 (Ohio Ct. App. May 16, 2005), wherein the court reasoned in pertinent part:

> There is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case.  *State v. Vanelli*, Wayne App. No. 02CA0066, 2003-Ohio-2717; *Cleveland Heights v. Richardson* (1983), 9 Ohio App.3d 152, 458 N.E.2d 901.  See, also, *State v. Harbert*, Summit App. No. 20955, 2002-Ohio-6114, ¶ 24.  A motion for reconsideration of a final judgment is a nullity.  *Vanelli* at ¶ 8, citing *Harbert* at ¶¶ 24-25.  Because a judgment entered on a motion for reconsideration is also a nullity, a party cannot appeal such a judgment.

Second, the court found that to the extent that petitioner's motion could be construed as a petition for post-conviction relief, petitioner was not entitled to a delayed appeal pursuant to Ohio R. App. P. 5.  (*See* Doc. 3, Ex. 23).

21

The Ohio Court of Appeals relied on adequate and independent state grounds in denying petitioner's motion for delayed appeal.   Given the prior precedents cited by the Ohio Court of Appeals in finding, as the trial court had ruled, that the trial court lacked authority to rule on a motion for reconsideration of a final judgment in a criminal case, it is clear that the court's jurisdictional ruling was based on a firmly-established, regularly-followed practice.  In addition, the court's conclusion that petitioner was not entitled to a delayed appeal if his motion could be construed as post-conviction relief petition was based on a well-established Ohio Supreme Court precedent expressly holding that "a delayed appeal pursuant to App.R. 5(A) is not available" in state post-conviction proceedings, which instead are governed by appellate rules "applicable to civil actions." *See State v. Nichols*, 463 N.E.2d 375, 377-78 (Ohio 1984). *Cf. Brown v. Miller*, No. 5:13cv2842, 2015 WL 4879100, at *4 (N.D. Ohio Aug. 14, 2015) (holding that the habeas petitioner had procedurally defaulted certain grounds for relief because he "failed to appeal the trial court's denial of post-conviction relief, and delayed appeal of that denial is not available"). Therefore, the state grounds relied by the Ohio Court of Appeals constituted an "adequate" basis for its decision.

Petitioner did pursue a timely appeal to the Ohio Supreme Court.  (*See* Doc. 3, Ex. 24). However, he did not raise the ineffective-assistance-of-counsel claim alleged herein, but merely asserted as the sole proposition of law that the lower courts erred in failing to consider or provide relief for his claims of "Plain Errors and Defects" under Ohio R. Crim. P. 52.  (*See id.*, Ex. 25, at PAGEID#: 151).  In any event, it must be presumed that the Ohio Supreme Court's unexplained final entry declining to accept jurisdiction of the appeal (*see id.*, Ex. 26) did not silently disregard the petitioner's procedural defaults and consider the merits of the ineffective-assistance claim.

22

*See Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

Therefore, in sum, the undersigned concludes that the adequate and independent state ground doctrine applies to preclude this Court's review of the remaining ineffective-assistance-of-counsel claim alleged in Ground One of the petition unless petitioner "can demonstrate cause for the default and actual prejudice" or that failure to consider the underlying ineffective-assistance claim "will result in a fundamental miscarriage of justice." *See Hoffner*, 622 F.3d at at 497 (quoting *Coleman,* 501 U.S. at 750); *see also Murray,* 477 at 485.

As discussed above in addressing the actual innocence exception to the statute-of-limitations bar to review, petitioner has neither argued nor otherwise demonstrated that failure to consider the remaining ground for relief will result in a "fundamental miscarriage of justice," or in other words, that the alleged error "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

In addition, petitioner has not established cause for his procedural default in this case. Petitioner contended in his motion for delayed appeal to the Ohio Court of Appeals that he did not receive a copy of the trial court's October 22, 2013 decision until "on or after November 27, 2013," which "was more than 30 days after the Entry was entered by the Court of Common Pleas." (*See* Doc. 3, Ex. 22, at PAGEID#: 132). The undersigned is not persuaded by that argument because, even assuming petitioner's allegation is true, he waited nearly two months, until January 23, 2014, to file his *pro se* notice of appeal and motion for delayed appeal with the Ohio Court of Appeals.

In an analogous case, where the petitioner argued that his appellate counsel's failure to inform him of a state court decision constituted cause for his failure to meet the deadline for

perfecting a timely appeal to the Ohio Supreme Court, the Sixth Circuit held that "if the period of time between when the defendant learned of the [appellate court] decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal . . .[,] the defendant fails to demonstrate that he or she 'would have timely appealed' the decision but for the counsel's failure to notify the defendant of the decision." *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 435 (6th Cir. 2006) (emphasis in original); *see also Baker v. Bradshaw*, 495 F. App'x 560, 565-66 (6th Cir. 2012) (relying on *Smith* in rejecting the habeas petitioner's argument that "cause" was established for his delay in filing a delayed appeal motion with the Ohio Supreme Court because, although the petitioner may not have known of the appellate court's decision until a year after the decision was rendered and at that point immediately filed a Rule 26(B) motion to reopen the appeal, he did not file his motion for delayed appeal until 90 days later, well past the 45-day appeal period allotted under the Ohio Supreme Court's Rules of Practice). Similarly, here, after learning in November 2013 of the trial court's decision, petitioner did not file his motion for delayed appeal until nearly two months later, well past the 30-day appeal period allotted under Ohio R. App. P. 4. Therefore, as in *Smith* and *Baker*, petitioner's reliance on the fact that he was not informed in a timely fashion of the trial court's decision does not excuse the procedural bar to review of his claim. *Cf. Smith,* 463 F.3d at 436; *Baker,* 495 F. App'x at 565-66; *see also Isreal v. Warden, Warren Corr. Inst.,* No. 1:14cv24, 2015 WL 357060, at *9 (S.D. Ohio Jan. 27, 2015) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2015 WL 763968 (S.D. Ohio Feb. 23, 2015) (Barrett, J.); *Gau v. Kelly,* No. 4:09cv2955, 2011 WL 400141, at *6-7 (N.D. Ohio Feb. 4, 2011).

        In addition, the procedural bar to review should not be excused to the extent that petitioner

may argue in any objections that his failure to file a timelier motion for delayed appeal should be excused because he is a *pro se* litigant who lacks knowledge of the law or the procedural requirements for seeking an appeal after the deadline for filing a timely appeal has passed.  It is well-settled in the Sixth Circuit that such reasons are insufficient to establish cause to excuse a procedural default.  *See, e.g., Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995) (holding that the petitioner's "pro se status and ignorance of his rights do not constitute cause excusing his failure to raise grounds before the state courts"); *Rogers v. Warden, Warren Corr. Inst.,* No. 1:10cv397, 2011 WL 1771691, at *6 (S.D. Ohio Feb. 8, 2011) (Litkovitz, M.J.) (Report & Recommendation) ("[t]he petitioner's pro se status, ignorance of the law or procedural requirements, or limited access to legal materials does not constitute cause" to excuse his procedural default of his habeas claims), *adopted,* 2011 WL 1753711 (S.D. Ohio May 9, 2011) (Dlott, J.).

Accordingly, in sum, the undersigned concludes that petitioner procedurally defaulted his remaining claim of ineffective assistance of counsel alleged in Ground One of the petition, which the undersigned has assumed, without deciding, is not barred from review on statute-of-limitations grounds.  The Ohio Court of Appeals' denial of petitioner's motion for delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of that claim.  In the absence of a showing of cause for petitioner's procedural default or that a fundamental miscarriage of justice will occur if the claim is not considered by this Court, the undersigned further concludes that petitioner has waived the claim for relief and that respondent's motion to dismiss (Doc. 4) should, therefore, be **GRANTED** and the claim dismissed with prejudice.

25

**IT IS THEREFORE ORDERED THAT:**

Petitioner's motion to strike the respondent's amended reply to petitioner's memorandum in opposition to respondent's motion to dismiss (Doc. 9) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Respondent's motion to dismiss (Doc. 4) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2.  A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on procedural grounds, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural rulings.[9]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[9] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his procedurally-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAVID DOUGLAS HEATH,                    Case No. 1:15-cv-541
     Petitioner,

                               Black, J.
     vs.                                      Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent.


**NOTICE**

     Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).